ALFRED ROLAND and others *v.* JOSEPH THOMPSON and others.

T, a guardian, held a note against M for $6,000. In payment of this
note, M conveyed to T 1,300 acres of land, and the note was credited
with $6,000, the full value of the land. T afterwards conv·yed 700
acres of the land to a trustee for the use and benefit of the children
of the said M; and in an action brought by the said wards of T, to
recover the 700 acres so conveyed in trust and without consideration:
*It was held*, that as the land was conveyed to T in payment of the note
belonging to his wards, his deed to the trustee in trust for M's chil-
dren was fraudulent, and that the wards of T were entitled to recover
the land.

CIVIL ACTION tried before *Kerr, J.* at Spring Term 1875, of
the Superior Court of ROBESON county.

The facts necessary to an understanding of the case as de-
cided in this Court are fully stated in the opinion of the Court,
delivered by Chief Justice PEARSON.

Upon the trial below, judgment was rendered in favor of
the plaintiffs; and thereupon the defendants appealed.

*N. A. McLean*, for the appellants.
*W. McL. McKay, Leitch, Strange* and *W. S. French*, contra.

PEARSON, C. J.  Thompson as guardian of plaintiffs, held a
note on Moore for upwards of $6,000. In payment of this
note, Moore conveys to Thompson 1,300 acres of land, and
Thompson enters upon the note a credit for $6,000 which was
the full value of the land.

Thompson executes a deed to a trustee for 700 acres of the
land for the use and benefit of the children of Moore. The
action seeks to follow the fund in its converted form, and
claims the 700 acres of land as having been bought and paid
for with the money of plaintiffs.

Defendants say in reply to this equity, Moore executed the
deed to Thompson, with an understanding that he was to con-
vey the 700 acres to a trustee for Moore's children, which was

executed; rejoinder, the understanding being by parol was void, under the statute of frauds; and in the second place, as Thompson paid for the land with the money of the plaintiffs, it was in equity, their land and he had no right to make a deed of gift for a part of it to the defendants. *They paid nothing for the land*, and hold it subject to the equities by which it was bound in the hands of Thompson. They can take no benefit from the fact, that their father as a condition precedent to the payment of a debt, exacted a promise from Thompson to do a fraudulent act. Suffice it, the defendants have paid nothing for the land and the plaintiffs have paid its full value. No error.

PER CURIAM.                                    Judgment affirmed.